UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABEL JIMINEZ,

                                                                  08 CV 3482 (LMM)

                    Plaintiff,

  -against-                                           **ANSWER WITH**
                                                                  **JURY DEMAND**

AMERICAN AIRLINES, INC.,

                    Defendant.
------------------------------------------------------------------X

       Defendant, AMERICAN AIRLINES, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for its Answer to the Complaint of plaintiff herein, respectfully sets forth as follows, upon information and belief:

       FIRST:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "1" in the plaintiff's Complaint.

       SECOND:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "2" in the plaintiff's Complaint.

       THIRD:  Denies each of the allegations contained in the paragraph designated as "3" of the plaintiff's Complaint in the form alleged, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

FOURTH: Denies each of the allegations contained in the paragraph designated as "4" of the plaintiff's Complaint in the form alleged, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "5" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "6" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

SEVENTH: Denies the truth of the allegations contained in the paragraph designated as "7" of the plaintiff's Complaint.

EIGHTH: Denies the truth of the allegations contained in the paragraph designated as "8" of the plaintiff's Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "9" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "10" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "11" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "12" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "13" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "14" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "15" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "16" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "17" in the plaintiff's Complaint and refers all questions of law to this Honorable Court.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "18" in the plaintiff's Complaint.

NINETEENTH: Denies the truth of the allegations contained in the paragraph designated as "19" of the plaintiff's Complaint.

TWENTIETH: Denies the truth of the allegations contained in the paragraph designated as "20" of the plaintiff's Complaint.

TWENTY-FIRST: Denies the truth of the allegations contained in the paragraph designated as "21" of the plaintiff's Complaint.

TWENTY-SECOND: Denies the truth of the allegations contained in the paragraph designated as "22" of the plaintiff's Complaint.

TWENTY-THIRD: Denies the truth of the allegations contained in the paragraph designated as "23" of the plaintiff's Complaint.

TWENTY-FOURTH: Denies the truth of the allegations contained in the paragraph designated as "24" of the plaintiff's Complaint.

TWENTY-FIFTH: Denies the truth of the allegations contained in the paragraph designated as "25" of the plaintiff's Complaint.

TWENTY-SIXTH: Denies the truth of the allegations contained in the paragraph designated as "26" of the plaintiff's Complaint.

TWENTY-SEVENTH: Denies the truth of the allegations contained in the paragraph designated as "27" of the plaintiff's Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Upon information and belief, that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff, bears to the culpable conduct which caused said damages.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendant, the amount of such damages shall be diminished in the proportion that the culpable conduct attributable to third parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: That the Complaint herein fails to state a cause of action upon which relief may be granted against the answering defendant.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: The answering defendant, its agents, servants and/or employees did not take part in or direct any of the acts complained of which resulted in plaintiff's alleged damages.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by the defendant, or by a person or entity for whom the defendant is responsible.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: The defendant's liability, if any, to the plaintiff is limited under Article16 of the Civil Practice Law & Rules of the State of New York.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiff sustained any damages at the time and place alleged in the Complaint, such damages were the result of the culpable conduct of the plaintiff because of the plaintiff's negligence or assumption of risk. Should it be found, however, that defendants are liable to the plaintiff herein, any liability being specifically denied, then the defendants demand that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Any injuries or damages claimed were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which the answering defendant had no control or right to exercise such control.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: That all risks and dangers of losses connected with the situation alleged in the complaint were at all times and places mentioned obvious and apparent and were known to the plaintiff and were voluntarily assumed by him.

### AS AND FOR AN ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: The Court does not have jurisdiction over the answering defendant based upon improper service of process.

### DEMAND FOR A JURY TRIAL

THIRTY-EIGHTH: Defendant demands a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

**WHEREFORE**, defendant, AMERICAN AIRLINES, INC., demands judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
      April 10, 2008

                                        Yours, etc.

                          **RUTHERFORD & CHRISTIE, LLP**

                        BY: _____
                            David S. Rutherford (DSR 8564)
                            Attorneys for Defendant,
                            AMERICAN AIRLINES, INC.
                            300 East 42nd Street, 18th Floor
                            New York, New York 10017
                            (212) 599-5799


To:    DAVID S. KRITZER & ASSOCIATES
         Attorney for Plaintiff
         187 East Main Street
         Huntington, New York 11743
         (631) 271-4777
         Attention: Brian P. Hickey, Jr.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **ANSWER WITH JURY DEMAND and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** was furnished via first-class mail to the offices of DAVID S. KRITZER & ASSOCIATES, 187 East Main Street, Huntington, New York 11743, Attention: Brian P. Hickey, Jr., on this 10th day of April, 2008

David S. Rutherford (DSR 8564)